```
       FILED        LODGED
       RECEIVED     COPY

       SEP 1 7 2003

    CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
             BY          DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Bogutz, as conservator for minors, G.M. and Z.M., <br><br> Plaintiff, <br><br> vs. <br><br> State of Arizona; et al., <br><br> Defendants. | No. CIV 03-454-TUC-GEE <br><br> **ORDER** |

    Pending before the court is a joint motion to continue the pending Rule 16 scheduling conference filed by the plaintiff on August 22, 2003. [#16][1]

    Good cause appearing,

    IT IS ORDERED that the motion is GRANTED. [#16]

    IT IS FURTHER ORDERED THAT:

    A Scheduling Conference will be held in the above entitled action on **Wednesday, October 29, 2003, at 11:00 a.m.**, before Magistrate Judge Edmonds' law clerk, Alan Kahn. The conference will be held telephonically, and will be initiated by the parties who are to

---

[1] Clerk's record number.



1  connect with each other and then call the Court at **(520) 205-4621. The joint report shall**
2  **identify the party who will initiate the conference call.**

3  The parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the
4  objectives of this conference. At least one of the attorneys for each party attending the
5  conference shall have authority to enter into stipulations and make admissions regarding all
6  matters which may be discussed.

7  Parties are directed to confer at least 21 days prior to the conference, in accordance
8  with Rule 26(f), Federal Rules of Civil Procedure, to discuss the following matters:

9  A. Any matters relating to jurisdiction, venue or joinder of additional parties;

10  B. The nature and basis of their claims and defenses and the possibilities for a prompt
11  settlement or resolution of the case;

12  C. The scope of discovery, and possible limitations thereof. See FED.R.CIV.P.
13  26(b)(2). Counsel are expected to comply with Rule 26(f) of the Federal Rules of Civil
14  Procedure and seek to minimize the expense of discovery. In cases where dispositive
15  motions will be filed, counsel should consider limiting discovery to the issue at hand until
16  the Court has ruled on the motion;

17  D. A schedule of all pretrial proceedings, an estimate of the length of trial, and any
18  suggestions for shortening trial;

19  E. Modification of pretrial procedures due to the simplicity or complexity of the case;

20  F. Prospects for settlement, including any request to have a settlement conference
21  before another Magistrate Judge or United States District Court Judge, or participating in any
22  other alternative dispute resolution forum;

23  G. Arrangements for Initial Disclosures in compliance with Rule 26(a)(1), Federal
24  Rules of Civil Procedure. Unless otherwise stipulated or directed by the Court, Initial
25  Disclosures shall be made at or within 14 days after the parties confer;

26  H. Possibility of consent to trial before a United States Magistrate Judge pursuant to
27  28 U.S.C. §636(c), suitability for referral to this District's court-annexed voluntary
28

arbitration program or any other alternative dispute resolution mechanism, or reference to a master;

I. Any other matters which counsel may feel will help dispose of the matter in an efficient and economical manner.

**IT IS FURTHER ORDERED:**

Counsel shall file with the Court, not less than **seven days** before the Scheduling Conference, a **joint report** reflecting the results of their discussion. The report shall include individually numbered brief statements indicating:

1. The nature of the case, setting forth in brief statements the factual and legal basis of the claims and defenses;

2. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

3. The jurisdictional basis of the case, citing specific statutes;

4. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance. Unless the plaintiff(s) can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, or seeking default judgment on any non-appearing party;

5. The names of parties not subject to the Court's jurisdiction;

6. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

7. Whether the case is suitable for reference to arbitration or to a master, or whether the parties consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c);

8. The status of related cases pending before other judges of this Court or before other courts;

9. A statement of when Initial Disclosures were made or will be made, or any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure;

10. Suggested changes, if any, in the limitations on discovery imposed by the Local Rules and the Federal Rules of Civil Procedure;

11. Proposed deadlines for:

(a) filing motions to amend the complaint and to join additional parties (The usual deadline is three months from the date of the scheduling conference.);

(b) pretrial disclosure of lay witnesses, expert witnesses, and expert testimony pursuant to Rule 26(a)(2) and (3), Federal Rules of Civil Procedure (The usual deadline is four months for initial witness lists and one additional month for rebuttal witnesses.);

(c) completing discovery (The usual deadline is six months.);

(d) filing dispositive motions (The usual deadline is seven months.);

(e) lodging proposed joint pretrial order (The usual deadline is eight months.); and

(f) filing a joint letter to the Court concerning the status of settlement discussions (The usual deadline is four months after the scheduling conference and again every two months thereafter.);

12. Estimated date and length of trial;

13. Whether a jury trial has been requested;

14. The prospects for settlement, including any request to have a settlement conference before another Magistrate Judge or United States District Court Judge, or other request of the Court for assistance in settlement efforts;

15. Whether any unusual, difficult, or complex problems or issues exist that would require this case to be placed on the complex track for case management purposes pursuant to Local Rule 2.12; and

16. Any other matters that the parties feel will aid the Court in expediting the disposition of this matter efficiently.

After the conference, the Court will enter a Scheduling Order, which shall control the course of this action, unless modified by subsequent Order. The parties are cautioned that the **deadlines set at this conference shall be enforced.**

It is the responsibility of the plaintiff(s) to initiate the communication necessary to prepare this joint report.

This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1, Federal Rules of Civil Procedure.

DATED this 15th day of September, 2003.

Glenda E. Edmonds
United States Magistrate Judge