Cary Sandman, Esq.
PCC #50692  SB #004779
csandman@wechv.com

LAW OFFICES
WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.
Williams Center, Eighth Floor
5210 E. Williams Circle
Tucson, AZ 85711
(520)790-5828

Attorneys for Defendant Manuel Olague

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ALLAN BOGUTZ, as conservator for minors, G.M. and Z.M., <br><br> Plaintiff, <br> vs. <br><br> STATE OF ARIZONA; DEPARTMENT OF ECONOMIC SECURITY AND ADMINISTRATION FOR CHILDREN, YOUTH AND FAMILIES, a Department of Administration of the State of Arizona; DEBORAH HEADEN, individually and in her office capacity as an employee of the State of Arizona; MANUEL OLAGUE, an unmarried man and state licensed foster parent; CARLOS "DOE," a minor in the custody of the State of Arizona; DEVEREUX ARIZONA, a non-profit organization doing business in Arizona; JOHN AND JANE DOES 1-20, individually and in their official capacities as employees of the State of Arizona; JOHN AND JANE DOES 22-25; and XYZ CORPORATIONS AND GOVERNMENT ENTITIES 1-10, <br><br> Defendants. | NO. CV 03-454 TUC-RCC <br><br> ***DEFENDANT OLAGUE'S OPPOSITION TO PLAINTIFF'S CERTIFICATION OF NO TRANSCRIPT FOR APPEAL AND OLAGUE'S DESIGNATION OF TRANSCRIPTS NECESSARY TO APPEAL*** |

. . .

. . .

. . .

1  Defendant Manuel Olague, through counsel undersigned, objects to the Plaintiff's
2  certification that no transcript will be ordered by Plaintiff for his pending appeal.  The
3  Plaintiff's certification is improper and should be stricken.  For the reasons explained
4  below, the Plaintiff must be directed to order and pay for the cost of all transcripts
5  necessary for the appeal.

**M E M O R A N D U M**

**A.**

8  On July 28, 2009, the Plaintiff filed a certification in this Court which purports to
9  certify that no transcript will be ordered for the Plaintiff's pending Ninth Circuit appeal.
10  As demonstrated below, the purported certification is improper and should be stricken.

11  Pursuant to the rules of the United States Court of Appeals for the Ninth Circuit
12  (defined as the "Circuit Rules" under Circuit Rule 1-1) the complete record on appeal
13  consists of ". . . the official transcript of oral proceedings before the district court . . .."
14  See Circuit Rule 10-2(a).  Further to the foregoing, if an appellant intends to order less
15  that the entire transcript, then within 10 calendar days of the filing of the notice of
16  appeal, the appellant must file with the court of appeals and serve on the appellees a
17  notice and statement indicating that it does not intend to order the transcript.  See
18  Circuit Rule 10-3.1(a).

19  Plaintiff's certification of his intent not to order a transcript is deficient in several
20  respects.  First, as explained above, the Circuit Rules define the record on appeal as
21  inclusive of the entire transcript, unless an appellant files (in the court of appeals) a
22  *timely* notice of intent to order less than all the transcript, within 10 calendar days of the
23  filing of the notice of appeal.  *Id.*   Plaintiff never filed any Rule 10-3.1(a) statement in
24  the court of appeals.  Accordingly, presumptively the record on appeal should consist
25  of the entire district court transcript.
26  . . .

The Plaintiff's *untimely* certification filed in this Court is improper for another reason. The Circuit Rules provide, that only "[i]f the parties agree that no transcripts are necessary, appellant shall file in the district court a notice stating that no transcripts will be ordered . . .." See Circuit Rule 10-3.1(c). Here the Plaintiff's district court certification is improper because the parties do not agree that no transcripts should be ordered. To the contrary, undersigned counsel has previously furnished written notice to Plaintiff's counsel that all transcripts of the trial proceedings and any relevant hearings must be ordered.

In sum: (i) Plaintiff has defaulted its option to order less than the entire transcript of the district court proceedings, by his failure to file the notice and statement required by Circuit Rule 10-3.1(a) within 10 calendar days of the notice of appeal; and (ii) Plaintiff's purported certification of intent not to order any transcript is improper, as such certification is permitted if and only if the parties all agree that no transcript should be ordered; a condition which is absent here. Under these circumstances, the Plaintiff's certification that no transcript will be ordered should be ordered ineffective and stricken.

**B.**

Under Circuit Rule 10.3.1(d)(e), Plaintiff has the obligation to order and pay for all portions of the transcript necessary to the appeal. Contrary to Plaintiff's certification, the following transcripts are deemed necessary to the appeal: (1) the hearing transcripts dated June 25, 2007, August 27, 2008 and December 11, 2008; and (2) the jury trial transcripts for April 20-24, and April 28-30. As explained below, an analysis of trial transcripts is ultimately necessary to the determination of whether this Court's evidentiary rulings affected the trial outcome and constitute reversible error, and further apart from the trial transcripts, the hearing transcripts are required to be made part of the record on appeal by Circuit Rule.

. . .

With minor exception, the appeal issues contained in the Plaintiff's Docketing Statement filed with this Court (Docket 376) contest evidentiary rulings, which impacted the admissibility of the evidence presented at trial. Under Rule 61 of the Federal Rules of Civil Procedure, "[u]nless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." The harmless error rule embodied in Civil Rule 61 is binding on the Court of Appeals. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 553-554 104 S.Ct. 845, 848-849 (1984); *Gray v. Shell Oil Co.*, 469 F.2d 742, 751-752 (9th Cir.1972). Thus, before an evidentiary ruling can result in reversal, the court of appeals "must conclude both that the district court abused its discretion and that the error was prejudicial [and] a reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict." *Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 688 (9th Cir. 2001).

Therefore, even assuming *arguendo* that this Court made errors in rendering its evidentiary rulings, the inquiry will not end there. The court of appeals will need to determine whether such error was harmless and "is grounds for granting a new trial" under Rule 61, and this assessment cannot be made in the absence of the relevant transcripts of the trial proceedings. *Bogan v. City of Boston*, 489 F.3d 417, 425 (1st Cir. 2007) (because the review of evidentiary rulings are typically fact-intensive and an erroneous evidentiary ruling does not require a new trial if harmless, the relevant transcripts are essential to meaningful appellate review); Vol. 16A, Wright, Miller, Cooper & Struve, *Federal Practice & Procedure,* § 3596.1 at 640 (4th Ed. 2008) (a contention that evidence was improperly admitted or excluded requires the transcript

1 showing admission or exclusion of evidence and other portions of the transcript to
2 determine if an error was harmless).  It is obvious that the trial transcripts will be
3 necessary to the determination of the appeal.  In addition, apart from the trial
4 transcripts, the above-designated hearing transcripts, where evidentiary issues were
5 addressed, must also be made part of the record on appeal.  See Circuit Rule 30-
6 1.4(vii) (portions of transcript recording any discussion by court or counsel of
7 admissibility evidence or rulings must be included in excerpts of record).

     In sum, all the above-designated transcripts are necessary to the appeal and (unless this Court determines to grant Plaintiff's application for in forma pauperis status and thus pay for the transcripts out of the Court's budget) the Plaintiff must be required to order and pay for the necessary transcripts for the appeal.  (See Circuit Rule 10-3.1(f) vesting this Court with discretion to determine which transcripts are necessary for the appeal).[1]

## C.

     The Court should strike Plaintiff's certification that no transcripts will be ordered, as the filing violates Circuit Rule provisions 10-3.1(a) and (c).  The Court should direct that Plaintiff order and pay for the transcripts necessary to the appeal; namely (1) the hearing transcripts dated June 25, 2007, August 27, 2008 and December 11, 2008; and (2) the jury trial transcripts for April 20-24, and April 28-30.

     DATED this 3rd day of August, 2008.

                              WATERFALL, ECONOMIDIS, CALDWELL,
                              HANSHAW & VILLAMANA, P.C.

                              By  /s/ Cary Sandman
                                  Cary Sandman

---

[1]Of course if Plaintiff defaults in his obligation to cause preparation of the necessary transcripts, his appeal will likely be dismissed.  *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991).

- 4 -

- 5 -

1  I hereby certify that on August 3, 2009, I electronically transmitted the attached
2  document to the Clerk's Office using the CM/ECF System for filing and transmittal
3  of a Notice of Electronic Filing to the following CM/ECF registrants:
4
5  Laurence M. Berlin, Esq.
   4205 E. Skyline Dr.
   Tucson, AZ 85718
6  *Counsel for Plaintiff*

7  Roxanne Conlin, Esq.
   ROXANNE CONLIN & ASSOCIATES, P.C.
8  319 Seventh St., Suite 600
   Des Moines, IA 50309
9  *Counsel for Plaintiff*

10 Jim Bowen, Esq.
   Assistant Attorney General
11 Insurance Defense Section
   OFFICE OF THE ATTORNEY GENERAL
12 1275 W. Washington
   Phoenix, AZ 85007-2997
13 *Counsel for State Defendants*

14 Terrence A. Jackson, Esq.
   1670 E. River Road, #200
15 Tucson, AZ 85718
   *Counsel for Defendant Carlos "Doe"*

16
   Michael J. O'Connor
17 Ronald Roach
   JENNINGS, STROUSS & SALMON, PLC
18 The Collier Center, 11th Floor
   201 East Washington Street
19 Phoenix, AZ 85004-2385
   *Counsel for Defendant Devereux*
20
21   /s/ Kathy Abel
22
23
24
25
26

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, Suite 800
Tucson, AZ 85711
(520)790-5828